FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 30 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL WALKER,

          Plaintiff,

    v.

THE CITY OF NEW YORK,
GREGORY GORDON, and MICHAEL SMITH,

          Defendants.
-----------------------------------------------------------X

**DECISION & ORDER**
14-CV-680 (WFK) (PK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

    Michael Walker ("Plaintiff") brings this action against the City of New York and New York City Police Department ("NYPD") Officers Gregory Gordon and Michael Smith (collectively, "Defendants") for damages resulting from alleged unconstitutional policies and actions arising out of an alleged excessive use of force incident which occurred on February 2, 2013. Complaint, ECF No. 1.

    On July 7, 2017, the date on which Magistrate Judge Kuo directed all parties to complete discovery and certify that disclosure was completed, Plaintiff moved to compel unresolved discovery, including a request that Judge Kuo reconsider the Court's prior order barring discovery related to a Confidential Informant ("CI"). Pl.'s Motion to Compel, ECF No. 53.

    On July 27, 2017, Magistrate Judge Kuo heard argument on Plaintiff's motion by telephone conference, wherein Magistrate Judge Kuo ruled on Plaintiff's discovery motions and granted Defendants' request to bifurcate discovery with respect to the *Monell*[1] claim pending

---

[1] *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658 (1978).

resolution of the individual claims. Transcript ("Tr."), ECF No. 64; *see also* July 27, 2017 Minute Order ("Kuo MO").

On August 9, 2017, Plaintiff filed a timely objection to Judge Kuo's July 27, 2017 rulings. Pl.'s Objections, ECF No. 59. Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff seeks the District Court's review of the following: (1) Denial of Plaintiff's request to hold the deposition of a CI; (2) Denial of Plaintiff's request to compel defendant Gordon to produce his Facebook postings; (3) Grant of Defendants' request to bifurcate and stay discovery with respect to the *Monell* claim; and (4) Denial of Plaintiff's request to compel discovery of documents pertaining to defendant Gordon's misconduct hearing for insubordination. *Id.* On September 20, 2017, Defendants filed a response in opposition to Plaintiff's objections. Defs.' Response, ECF No. 66. After a careful review of Magistrate Judge Kuo's July 27, 2017 order in light of Plaintiff's objections, this Court finds that Plaintiff's objections are without merit and affirms Judge Kuo's July 27, 2017 order in its entirety.

## STANDARD OF REVIEW

### I. Objections to a Magistrate Judge's Order

District Courts are empowered to "designate a magistrate judge to hear and decide a pretrial matter that is 'not dispositive of a party's claim or defense.'" *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) (quoting Fed. R. Civ. P. 72(a)) (citing 28 U.S.C. § 636(b)(1)(A)). If a party timely objects to the magistrate judge's decision on the non-dispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Pretrial discovery motions are considered nondispositive and are reviewed for clear error. *City of New York v. FedEx Ground Package Sys., Inc.*, 13-CV-9173, 2017 WL 633445, at *3

(S.D.N.Y. Feb. 14, 2017) (Ramos, J.) (citations omitted). "A ruling is 'clearly erroneous' where, 'although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed.'" *Gruss v. Zwirn*, 9-CV-644, 2013 WL 3481350, at *5 (S.D.N.Y. July 10, 2013) (Gardephe, J.) (quoting *United States v. Chowdhury*, 639 F.3d 583, 585 (2d Cir. 2011) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985))). "An order is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Id.* (citations omitted). "This is a highly deferential standard, and '[t]he party seeking to overturn a magistrate judge's decision thus carries a heavy burden.'" *FedEx Ground Package Sys.*, 2017 WL 633445, at *3 (citations omitted); *see also Gruss*, 2013 WL 3481350, at *5 ("Magistrate judges are given broad latitude in resolving discovery disputes. . . ." (citation omitted)); *Auto. Club of New York, Inc. v. The Port Auth. of New York & New Jersey*, 11-CV-6746, 2015 WL 3404111, at *2 (S.D.N.Y. May 27, 2015) (Eaton, J.) ("A magistrate judge's resolution of a discovery dispute deserves substantial deference." (citation omitted)).

## II. Scope of Discovery

The scope of discovery permitted under the Federal Rules of Civil Procedure is set forth in Rule 26(b)(1):

> *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Information is relevant if: "(a) it has any tendency to make a fact more or less probable than it

3

would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial. *See Refco Grp. Ltd. v. Cantor Fitzgerald, L.P.*, 13-CV-1654, 2014 WL 5420225, at *7 (S.D.N.Y. Oct. 24, 2014) (Pitman, M.J.) ("It is well established that relevance for the purpose of discovery is broader in scope than relevance for the purpose of the trial itself." (internal quotation marks and citations omitted)). On the other hand, proportionality focuses on the "marginal utility of the discovery sought" and requires a balancing of the multiple factors set forth in Fed. R. Civ. P. 26(b)(1). *Vaigasi v. Solow Mgmt. Corp.*, 11-CV-5088, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016) (Pitman, M.J.). "Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Id.* (citation omitted).

## DISCUSSION

### I. Denial of Plaintiff's Request to Conduct Deposition of CI

*First*, Plaintiff objects to Judge Kuo's July 27, 2017 ruling denying Plaintiff's request to revisit the Court's prior ruling denying Plaintiff's motion to compel the deposition of a CI. *See* Pl.'s Objections at 2-3. Judge Kuo ruled that Plaintiff did not cite any new information that could not have been obtained earlier that warranted a change in the Court's prior ruling and additional depositions after the close of discovery. Kuo MO. Further, Judge Kuo noted that there is a "heightened concern" with conducting the deposition of a CI, and Plaintiff "did not point to anything that would indicate that deposing [the CI] would actually get [Plaintiff] any relevant information" in order to meet the "initial threshold." Tr. at 8:25-9:5.

Plaintiff's stated objections to this ruling are that (1) the CI is "without question a witness to the incident" and should be deposed, and, (2) although Judge Kuo denied the request to revisit

4

Plaintiff's request to depose the CI because the deadline to complete discovery passed, the Court permitted the request to extend discovery. Pl.'s Objections at 3. Defendants argue, *inter alia*, that Plaintiff's motion for reconsideration of the Court's August 30, 2016 ruling denying Plaintiff's motion to compel deposition of the CI is untimely,[2] and Plaintiff's knowledge regarding the CI's whereabouts during his arrest is not new evidence. Defs.' Response at 6, 9.

Under the Eastern District of New York Local Civil Rule 6.3, "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion[.]" Plaintiff did not seek reconsideration of Judge Kuo's prior ruling on this issue until a year later; therefore, the Court finds that Plaintiff's request is untimely, irrespective of Judge Kuo's ruling extending discovery.

Looking past the timing issue, in order to be successful on a motion for reconsideration, the movant must present "matters or controlling decisions the court overlooked that might materially have influenced its earlier decision." *Anglo Am. Ins. Grp. v. CalFed Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996) (Carter, J.) (internal quotation marks and citation omitted). Plaintiff did not present any new information that would establish the relevance of the discovery sought to the Plaintiff's claim or defense. The fact that Plaintiff's companion on the day of his arrest was a CI was known to the Plaintiff since his criminal proceeding on July 27, 2014; and although Plaintiff's December 8, 2016 deposition presented inconsistent testimony about whether or not Plaintiff could see the CI at the time of the alleged events, Plaintiff's own knowledge about the CI's whereabouts during the incident is not new information. Pl.'s Objections at 2; Defs.' Response at 9. Further, Plaintiff appeared to know the identity of the CI

---

[2] The Court notes, however, that Defendants' partial reliance on Fed. R. Civ. P. 59 for this proposition, which plainly pertains to a motion for a new trial or to alter or amend a judgment, is incorrect.

at the time of Judge Kuo's initial ruling on Plaintiff's motion to compel. August 30, 3016 Transcript at 20:8-20, ECF No. 38.

Moreover, Plaintiff has failed to show the possible relevancy of this deposition testimony to his claim or defense as required by Fed. R. Civ. P. 26 to prompt a balancing of interests (*i.e.*, "whether the burden or expense of the proposed discovery outweighs its likely benefit"). Judge Kuo considered that the available recorded statements of the CI are not favorable to the Plaintiff's position, and Defendants have stated that the CI is not being called as a witness, so any potential contradictory statement would be of no use to the Plaintiff. Tr. 6:14-19, 12:12-14.

As Plaintiff sought reconsideration of Judge Kuo's ruling on the motion to compel nearly a year later, well past the deadline, and failed to cite any new information or matters that were overlooked by the Court to establish the relevance of the discovery, and noting the highly deferential standard in reviewing objections to a magistrate judge's order, this Court affirms Judge Kuo's ruling with respect to the deposition of the CI.

## II. Denial of Plaintiff's Request to Compel Defendant Gordon's Production of Facebook Postings

*Second*, Plaintiff objects to Judge Kuo's denial of Plaintiff's motion to compel production of defendant Gordon's deleted Facebook posts. *See* Pl.'s Objections at 3-5. While Gordon has previously turned over all available Facebook postings regarding the incident, Tr. at 22:3-5, at issue is any potential postings that were made by Gordon and subsequently deleted, *id.* at 21:9-18, which would require possible retrieval from Facebook, *id.* at 22:14-18. In resolving this dispute, Judge Kuo balanced the great burden posed to Gordon—having to go to Facebook and get posts that were deleted and are not readily available—against the Plaintiff's need for this information, noting that Plaintiff did not seek this information at Gordon's deposition. *Id.* at 24:2-10. Notably, Judge Kuo offered Plaintiff an opportunity to "tip the scales and convince

6

[Judge Kuo] that [Plaintiff] really need[s] this" and Plaintiff did not offer any justification. *See id.* at 24:11-16.

Plaintiff asserts in his objections that Gordon's Facebook postings, which were quoted in a news article, portrayed racial animus and are central to the issue of Gordon's reputation. Pl.'s Objections at 4-5. Plaintiff further speculates that "there may be other postings support [*sic*] the allegation that his reputation is being [*sic*] a rogue Police Officer." *Id.* at 5.

Given Judge Kuo's reasoned balancing of the potential benefit against the burden posed by the requested discovery, the Court finds that Judge Kuo's ruling on this request was not "clearly erroneous" and Plaintiff's objection is without merit.

### III. Grant of Defendants' Request to Bifurcate and Stay Discovery with Respect to *Monell* Claim

*Third*, Plaintiff objects to Judge Kuo's ruling bifurcating discovery and staying discovery with respect to Plaintiff's *Monell* claim pending the resolution of the individual claims; Plaintiff's requests to compel discovery related to his *Monell* claim were denied with leave to renew. *See* Pl.'s Objections at 5-9; Kuo MO. Plaintiff seeks the entire personnel files and legal records of defendants Gordon and Smith and the entire disciplinary and investigatory records of the 120th and 121st precincts for a ten-year period to further his *Monell* claim, which Judge Kuo found to be burdensome as framed. *See* Pl.'s Objections at 5-6; Tr. at 24:23-25:6, 25:22-23.

In seeking review of Judge Kuo's ruling, Plaintiff argues that bifurcation is not appropriate in this instance, courts have routinely permitted similar discovery in *Monell* cases, and Defendants have not made a showing that the "sought records would result in specific harm." *Id.* at 7-9. Defendants contend that declining to bifurcate the *Monell* discovery would be prejudicial to Defendants given the late stage of the discovery process and Plaintiff's burdensome and time consuming requests. Defs.' Objections at 17.

Bifurcation is appropriate when the resolution of a single issue may resolve the case and render trial on the other issue unnecessary. *See Ricciuti v. N.Y. City Transit Auth.*, 796 F.Supp. 84, 86 (S.D.N.Y. 1992) (Haight, J.). A plaintiff may only pursue a *Monell* claim based upon an actual deprivation of his constitutional rights by persons acting under color of state law, even if the municipality's policy otherwise permits or encourages constitutional violations.[3] *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point."). In this Circuit, courts often order bifurcation in § 1983 civil rights cases where there are *Monell* claims against the municipality. *See, e.g., Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999); *Williams v. City of New York*, 07-CV-5362, 2008 WL 5423219, at *3 (E.D.N.Y. Dec. 29, 2008) (Pohorelsky, M.J.) (noting that bifurcation is a "common practice" in this Circuit in civil rights cases and citing cases); *Busch v. City of New York*, 00-CV-5211, 2002 WL 31051589, at *2 (E.D.N.Y. Sept. 9, 2002) (Johnson, J.). In *Morales v. Irizarry*, the court stated, "[t]he overwhelming weight of authority holds that . . . the most prudent course is to try the *Monell* claims separately and to stay discovery concerning those claims." 95-CV-5068, 1996 WL 609416, at *1 (S.D.N.Y. Oct. 22, 1996) (Pitman, M.J.) (citing cases).

Given the late stage of discovery, the burden posed by Plaintiff's expansive requests with respect to the *Monell* claim, and the clear authority in this Circuit to bifurcate *Monell* claims from the underlying constitutional claims, this Court concurs with Judge Kuo's ruling that bifurcation, at least for discovery purposes, is appropriate. Discovery regarding the *Monell* claim

---

[3] The Court notes, however, that if the individual officers avoid liability by mounting a defense of qualified immunity—arguing that they committed the constitutional violations in good faith—the municipality may still be liable. *Owen v. City of Independence*, 445 U.S. 622, 638 (1980) (holding qualified immunity defense is available to individuals but not to government bodies).

8

should be bifurcated and postponed pending motion practice on the remaining claims. Although Defendants have not made a motion at the present time, the Court preemptively notes that it reserves decision on bifurcating the trial, finding that it would be better to consider this issue after summary judgment motions, if any, are decided and the scope of the trial is clarified.

### IV.  Denial of Plaintiff's Request to Compel Discovery of Documents Pertaining to Defendant Gordon's Disciplinary Hearing

*Lastly*, Plaintiff objects to Judge Kuo's denial of Plaintiff's request to compel production of documents written by Commissioner Bratton, or any member of the NYPD, to Detective Gordon regarding the departmental investigation into comments made by Gordon on Facebook. *See* Pl.'s Objections at 9. Plaintiff argues that comments directed at Gordon "is probative evidence of [Gordon's] disrespect for the rules of conduct as a Police Officer which may be relevant to his character." *Id.* In considering Plaintiff's request, Judge Kuo noted that Commissioner Bratton's or other officers' statements *to* Gordon are not relevant to whether or not Gordon is insubordinate to his superiors; rather, Gordon's *own* statements are relevant. *See* Tr. 32:14-19, 33:1-5. This Court agrees with Judge Kuo's ruling as Plaintiff has not established that the discovery he seeks is relevant to any claims or defenses.

9

## CONCLUSION

Having reviewed Magistrate Judge Kuo's July 27, 2017 non-dispositive discovery rulings, Kuo MO & Tr.; Plaintiff's objections filed thereto, ECF No. 59; and Defendants' opposition to the objections, ECF No. 66, this Court finds the rulings were neither clearly erroneous nor contrary to law and declines to modify them. The Court hereby affirms Judge Kuo's order in its entirety.

SO ORDERED.

s/WFK
_____
HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: March 30, 2018
       Brooklyn, New York

10