UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL WALKER

        Plaintiff;

v.

THE CITY OF NEW YORK, GREGORY GORDON, and MICHAEL SMITH

        Defendants.

14-cv-680 (NRM) (PK)

**ORDER TO SHOW CAUSE**

NINA R. MORRISON, United States District Judge:

**Andrew Plasse, Esq.,** former counsel for Plaintiff in this action, is hereby ordered to show cause on the matters set forth below.

On May 31, 2023, the Court granted Plaintiff Michael Walker's motion to vacate the stipulation of settlement dated April 19, 2021, which had been filed with the Court on that date after being signed by his then-counsel Andrew Plasse and by Assistant Corporation Counsel Alan Scheiner on behalf of Defendants. Mr. Walker made this motion first by a letter sent directly to the Court, *see* ECF No. 189, and thereafter on the record in two videoconferences convened by the Court on May 19 and May 31, 2023, *see* Minute Entries dated May 19, 2023 and May 31, 2023. During those conferences, Mr. Walker represented to the Court that Mr. Plasse had entered into the April 19, 2023 settlement without his knowledge or consent, and had failed to obtain his informed consent to material terms of the settlement even after it was filed with the Court.

1

As set forth in detail on the record, the Court vacated the settlement on May 31, 2023 under Fed. R. Civ. P. 60(b)(6), based on what it identified as (1) failures on Mr. Plasse's part to investigate and/or provide his client with basic information related to terms of the settlement prior to its entry, and (2) certain conduct by Mr. Plasse (as well as by opposing counsel) in furtherance of his effort to have the Court excuse Mr. Walker, who is incarcerated, from an in-person conference that had been scheduled by the Court *sua sponte* by order dated April 24, 2023 to review the terms of the settlement. The Court also outlined for the record what it concluded were repeated acts of gross negligence by Mr. Plasse in his representation of Mr. Walker over nearly a decade, although it did not rely on those findings as grounds to vacate the settlement. *See generally* ECF No. 204; Minute Entry dated May 31, 2023.

At the May 31, 2023 conference, Mr. Walker informed the Court that he wished to terminate his retainer agreement with Mr. Plasse and have the Court refer him to an assistance program for *pro se* civil litigants seeking counsel in the Eastern District of New York. ECF No. 204 at 4:1–5; 38:8–39:17; *see also* ECF No. 198. Mr. Plasse agreed to withdraw from the case and was terminated from the docket on June 2, 2023. *See* Text Order dated June 2, 2023.

Mr. Plasse shall now enter an appearance in this action as an "interested party" for the limited purpose of responding to this Order to Show Cause, and on or before July 13, 2023, he shall show cause as to why he should not be sanctioned by the Court for the conduct set forth below.

I. **Legal Standard**

As is relevant in this case, a district court possesses two sources of authority

to sanction counsel for misconduct. First, a district court has the "inherent power" to "impose monetary sanctions against a litigant (or its counsel) for misconduct." *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 367 (2d Cir. 2021).

Second, Rule 11 of the Federal Rules of Civil Procedure permits a court, either on a party's motion or on its own initiative, to "impose an appropriate sanction on any attorney" who engages in conduct proscribed by Rule 11(b). Fed. R. Civ. P. 11(c). Rule 11(b) provides, *inter alia*, that any attorney who submits a written document to the Court thereby "certifies that to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the written submission "is not being presented for any improper purpose," and that all "factual contentions" contained therein "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1), (3).

A district court must give the attorney notice and the opportunity to respond, through an order to show cause, when it considers an imposition of sanctions *sua sponte*. Fed. R. Civ. P. 11(c)(3).

## II. Potential Violations of Rule 11(b)

The Court directs Mr. Plasse to show cause as to why he should not be sanctioned under Rule 11 for filing two documents with the Court in connection with the now-vacated stipulation of settlement in which he made representations to the Court that either he knew were false; that lacked evidentiary support, and/or contained no statements identifying facts that he had any basis to believe would

3

have evidentiary support after a reasonable opportunity for investigation; and that were submitted for an improper purpose.

Namely, Mr. Plasse filed two written submissions with the Court—a May 3, 2023 email (attached to this Order as Exhibit 1 ("Ex. 1")), and a May 5, 2023 Motion to Vacate Writ, *see* ECF No. 187.  In those submissions, Mr. Plasse asserted that Mr. Walker had recently been transported from the Orleans Correctional Facility, where he was regularly housed, for treatment at the Wende Correctional Facility for an unspecified but serious mental health condition.  Mr. Plasse further asserted to the Court that he had been "advised" that Mr. Walker's transfer to Wende was necessary because Orleans "did not have the ability to treat him" for his current psychiatric condition.  ECF No. 187-1 at 1; *see also* Ex. 1 at 1.  Mr. Walker then requested that, in light of Mr. Walker's allegedly compromised mental health status, this Court (1) issue an order vacating its earlier writ, *see* ECF No. 182, to have Mr. Walker produced in person for a May 19, 2023 conference regarding the proposed stipulation of settlement, and (2) indefinitely adjourn the status conference until such time as Mr. Walker's alleged psychiatric condition "return[s] to an appropriate level" to permit his participation.  ECF No. 187-1 at 2; *see also* Ex. 1 at 1.

In each of these written applications, Mr. Plasse proceeded to specifically represent to the Court that as of those dates, Mr. Walker's ongoing, medically necessary psychiatric care had been—and was continuing to be—disrupted, and that this was so specifically *because of* the Order to Produce Mr. Walker that had been entered by this Court on April 24, 2023.  ECF No. 187-1 at 1; Ex. 1 at 1.  More

4

precisely, Mr. Plasse represented to the Court that his client's mental health treatment had been curtailed and he had been returned to Orleans CF for a scheduled "transfer to Court" (on May 9) pursuant to this Court's April 24, 2023 writ—thus depriving Mr. Walker of "the treatment that he currently needs" at "an appropriate facility."  ECF No. 187-1 at 1; *see also* Ex. 1 at 1 ("After the Writ was served, [Mr. Walker] was transferred back to Orleans where *he cannot get the Mental Health Treatment the State believes is necessary* at Wende.  He is currently back at Orleans *without the proper Mental Health Treatment for his level* until he is transferred to another State Facility *for this Court appearance*.") (emphasis supplied).  Mr. Plasse submitted the first application by email because of its allegedly urgent nature; and following a subsequent order of this Court, submitted the second application by letter on May 5, 2023, with the Court granting him leave to file it under seal.[1]

In response to Mr. Walker's initial emailed submission on May 3, 2023, this Court immediately vacated its earlier Order to Produce Mr. Walker and directed that Mr. Walker "be immediately returned to the Wende Correctional Facility as soon as possible to ensure that his medical care is not disrupted."  ECF No. 184 at 1.

After providing notice to counsel and issuing a subpoena for *in camera* production of the medical records relating to Mr. Walker's treatment at the Wende Correctional Facility, however, the Court became aware of evidence directly

---

[1] With Mr. Walker's consent, the seal has been lifted on that May 5, 2023 filing, *see* ECF No. 204 at 40:12–41:24, and the May 3, 2023 email has also been made part of the public record.

contradicting numerous material statements in Mr. Plasse's written submissions.[2] Mr. Walker had not been transferred to Wende CF for urgent psychiatric care; in fact, he had been transferred there because of a potential threat to his physical safety from another inmate at Orleans. And while Mr. Walker did receive a mental health assessment upon intake at Wende, he was not diagnosed with any serious mental health condition, nor any condition that DOCCS providers concluded required *any* form of treatment. Instead, two days *before* Mr. Plasse first sent his written communication to his Court to vacate its Order to Produce Mr. Walker because of this alleged mental health crisis, and four days before he sent his second (May 5th) Motion to Vacate Writ seeking the same relief, the records indicate that Mr. Walker had been fully cleared by staff for return to Wende, reported feeling "good" and "blessed" with no notable psychiatric symptoms; and contrary to Mr. Plasse's representations to the Court, that transfer decision was made wholly independently of this Court's order to produce Mr. Walker for a May 9, 2023 settlement conference.

As detailed on the record at the May 9, 19, and 31 conferences, after allegedly learning from an unidentified guidance counselor that Mr. Walker had been transferred to Wende and referred for a mental health evaluation, Mr. Plasse made

---

[2] The facts listed in this paragraph concern Mr. Walker's medical information and are taken from *in camera* records that are not part of the public docket. However, facts relevant to Mr. Walker's medical history and Mr. Plasse's earlier submissions were discussed and confirmed on the record during the Court's May 9, 2023 conference (with counsel for both parties having received a copy of the records prior to the hearing), and Mr. Walker gave the Court his permission on May 31, 2023 to make the transcripts of the Court's May 9, 19, and 31 conferences public, including their references to his medical history.

6

no further efforts to speak with any DOCCS officials to obtain any specific information regarding his client's status or the reasons for his transfer to and from Wende CF prior to submitting his May 3 and May 5 applications to this Court; nor did he ever seek his client's authorization to obtain such information from DOCCS or the Office of Mental Health. ECF No. 200 at 20:7–24, 29:1–17.

In addition, as confirmed at the conferences with this Court, Mr. Plasse spoke with Mr. Walker by telephone on both April 26 and May 4, 2023, *see* ECF No. 196 at 1–2. Yet by Mr. Plasse's own admission, at no time prior to submitting his May 3 and/or May 5 applications to vacate the Order to Produce did he (1) inform his own client that on April 24, 2023, this Court had directed DOCCS to produce him for a May 9, 2023 settlement conference, (2) ask Mr. Walker whether he wished to appear at the conference in person and/or by video, or (3) inform his client that he had already filed two written applications seeking to excuse Mr. Walker from the conference regarding the parties' proposed settlement, and had done so without Mr. Walker's knowledge or consent. As stated on the record at the May 31 conference, this history gives the Court strong indication that Mr. Plasse "took these actions to keep Mr. Walker as far away from [the Court] as possible for as long as possible so that [the Court] would not do anything to upset the apple cart of the settlement that counsel had just reached." ECF No. 204 at 28–29.

In light of the foregoing, Mr. Plasse is ordered to show cause as to why he should not be sanctioned pursuant to Rule 11(c) for the statements made to the Court in his written applications dated May 3, 2023 and May 5, 2023. *See* Fed. R. Civ. P. 11(b)(1) (prohibiting attorneys from submitting filings "for any

improper purpose"); Fed. R. Civ. P. 11(b)(3) (requiring "the factual contentions" in a filing with the Court to either "have evidentiary support" or to be "specifically so identified" as contentions that will "likely have evidentiary support after a reasonable opportunity for further investigation").

III. **Other Potential Cause for Sanctions**

The record of the May 9, May 19, and May 31, 2023 hearings, and related documents offered into evidence or which were otherwise the subject of representations to the Court by counsel in those proceedings, may also provide additional cause for sanctioning Mr. Plasse under the Court's inherent authority. Specifically, and incorporating by reference the findings made in its May 31, 2023 oral ruling pursuant to Rule 60(b)(6), the Court directs Mr. Plasse to show cause as to why he should not be sanctioned for the following acts or omissions:

1. Failure to (a) calculate actual or approximate costs and disbursements incurred in the course of litigating this matter for nearly a decade, and (b) inform his client of those amounts prior to entering into the Stipulation of Settlement on his client's behalf, notwithstanding the fact that those costs and disbursements would, pursuant to his retainer agreement, be deducted from the settlement proceeds before Mr. Walker received any monies due to him;

2. Failure to read the complete Stipulation of Settlement and its attachments, including but not limited to the Affidavit of Status of Liens his client would be required to sign in connection with the settlement, prior to giving opposing counsel his authorization to file the Stipulation of

8

Settlement with the court on April 19, 2023;

3. Failure to (a) investigate or inquire in any respect as to whether his client had any liens asserted by the City of New York, Medicaid, or other persons or entities that might have liens over the settlement amount—even after this Court raised the issue at the May 9 settlement conference, and Mr. Plasse had ten additional days to make these inquiries before the next conference on May 19; (b) conduct any legal research into whether such liens could be asserted for medical care received by Mr. Walker at public expense prior to or during his incarceration with DOCCS, even though Mr. Plasse knew that Mr. Walker had undergone surgery a public hospital prior to being sent to Rikers' Island during the course of events giving rise to this civil litigation; and (c) apprise his client of that possibility before entering into the April 19, 2023 settlement, notwithstanding the fact that the Settlement Agreement specifically contemplated that such inquiries would be made and that the Comptroller of the City of New York would be informed of, and may pay in full, any existing liens prior to authorizing that Mr. Walker receive any settlement proceeds;

4. Failing to engage in minimally adequate preparation for the Court's conferences on May 9, 2023 and May 19, 2023 regarding Mr. Walker's motion to vacate the settlement, including by failing to calculate costs and disbursements or make any reasonable estimate of same; failing to review his time records or correspondence to determine the factual basis for his

May 3 and May 5, 2023 applications to the Court; failing to read the complete Settlement Agreement prior to the time when the Court first inquired directly of Mr. Plasse about its terms; and failing to read the May 19, 2023 letter brief filed by defense counsel in advance of the Court's conference that morning opposing vacatur of the stipulated settlement and seeking to compel Mr. Walker's testimony, even though said letter brief was filed and received by Mr. Plasse as directed by a prior scheduling order of the Court—*i.e.,* even though Mr. Plasse was notified that he would receive, and did receive, defense counsel's letter brief several hours before the conference began.

The Court hereby provides Mr. Plasse with notice of its intent to consider whether the above acts and omissions, which required the Court to spend "considerable time and effort" scrutinizing the purported settlement that "could have been devoted elsewhere," may provide an independent ground for imposing sanctions. *Int'l Techs. Mktg., Inc.*, 991 F.3d at 368 (citation omitted). *See also Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020) ("A court may sanction a party under its inherent power to deter abuse of the judicial process and prevent a party from perpetrating a fraud on the court." (citations and quotation marks omitted)).

Therefore, on or before July 13, 2023, Mr. Plasse shall show cause as to why monetary sanctions should not be imposed for the above-described conduct.

In light of the fact that Mr. Plasse has already been terminated from the docket, and to facilitate the Court's inquiry, Mr. Plasse shall enter an appearance on the docket as an "interested party" so that he receives electronic notifications from the Court.

SO ORDERED.

                                                 */s/ NRM*
                                                 NINA R. MORRISON
                                                 United States District Judge

Dated: June 28, 2023
        Brooklyn, New York