UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL WALKER<br><br>     Plaintiff,<br><br>v.<br><br>THE CITY OF NEW YORK, GREGORY GORDON, and MICHAEL SMITH<br><br>     Defendants. | 14-cv-680 (NRM) (PK)<br><br>**<u>ORDER</u>** |

NINA R. MORRISON, United States District Judge:

Before this Court is Plaintiff Michael Walker's motion to compel his former counsel, Andrew Plasse, Esq., to produce Plaintiff's case file to his new counsel. Mot. to Compel, ECF No. 206. Mr. Plasse opposes the motion because, in his view, he is "fully entitled to [a] charging and retaining lien." Response to Mot. to Compel at 17, ECF No. 210. For the reasons to follow, the Court holds that Mr. Plasse is not entitled to a lien. Accordingly, the Court grants Plaintiff's motion to compel.

## I.   Background

On May 31, 2023, this Court vacated a settlement agreement that had been entered into by Plaintiff Michael Walker's former counsel, Andrew Plasse, Esq., and counsel for Defendants.[1] Minute Entry dated May 31, 2023. The Court explained

---

[1] The Court incorporates by reference the Factual and Procedural Background set forth in its Memorandum and Order imposing sanctions on Mr. Plasse. *See* Sanctions Order, ECF No. 222.

1

that it was vacating the settlement under Federal Rule of Civil Procedure 60(b),

> based on what it identified as (1) failures on Mr. Plasse's part to investigate and/or provide his client with basic information related to terms of the settlement prior to its entry, and (2) certain conduct by Mr. Plasse (as well as by opposing counsel) in furtherance of his effort to have the Court excuse Mr. Walker, who is incarcerated, from an in-person conference that had been scheduled by the Court sua sponte by order dated April 24, 2023 to review the terms of the settlement. The Court also outlined for the record what it concluded were repeated acts of gross negligence by Mr. Plasse in his representation of Mr. Walker over nearly a decade, although it did not rely on those findings as grounds to vacate the settlement.

Order to Show Cause at 2, ECF No. 205 (citing Tr. dated May 31, 2023; Minute Entry dated May 31, 2023). The Court made these findings after holding two hearings—one on May 9 and one on May 19, 2023—regarding the circumstances surrounding the parties' settlement and related conduct by Mr. Plasse. *See* Minute Entry dated May 9, 2023; Minute Entry dated May 19, 2023.

While Plaintiff did not attend the May 9 conference, the Court mailed Plaintiff a copy of the transcript from that proceeding. Tr. dated May 19. 2023 ("May 19 Tr.") at 61:20–23, ECF No. 201. During the conference on May 19, 2023, which Plaintiff and counsel for both parties attended, Plaintiff indicated that he did not want Mr. Plasse as his attorney because he did not feel that Mr. Plasse was acting "in [his] best interest." May 19 Tr. at 61:7–13. Plaintiff confirmed that he wished to discharge Mr. Plasse as his counsel during the May 31 hearing. Minute Entry dated May 31, 2023. On June 2, 2023, the Court noted that Mr. Plasse had failed to file a notice of withdrawal, despite the Court's direction to do so. Order dated June 2, 2023. The Court construed a letter by Plaintiff, which stated that he terminated his relationship with Mr. Plasse, as a motion to withdraw and granted the motion. *Id.*

On June 20, 2023, Plaintiff's new counsel entered appearances on the docket. Shihata Notice of Appearance, ECF No. 202; Geddes Notice of Appearance, ECF No. 203. Then, on June 28, 2023, Plaintiff moved to compel Mr. Plasse to produce Plaintiff's case file. Mot. to Compel. The motion explains that Mr. Plasse is refusing to provide Plaintiff's new counsel a copy of Plaintiff's case file until Plaintiff reimburses Mr. Plasse for the costs he incurred in connection with his representation of Plaintiff. *Id.* at 1–2. Mr. Plasse filed a response to the motion on July 10, 2023, wherein he argued that he is "fully entitled to [a] charging and retaining lien." Response to Mot. to Compel at 17.

On March 18, 2024, this Court imposed Rule 11 sanctions on Mr. Plasse for his conduct relating to the settlement agreement in this case. *See* Sanctions Order, ECF No. 222. Specifically, the Court imposed sanctions based on Mr. Plasse's submission of two letters to the Court—one emailed to the Court on May 3, 2023, and one filed on the docket on May 5, 2023. *Id.* at 41. The letters requested that a conference on May 9, 2023, which the Court scheduled to discuss the parties' settlement and for which the Court specifically provided for Plaintiff's in-person presence, be adjourned because Plaintiff was, according to Mr. Plasse, experiencing a mental health crisis and was not receiving care he needed due to the upcoming in-person court appearance. The Court later learned that these assertions were false. And because the Court determined that Mr. Plasse made the misrepresentations in subjective bad faith (in part because Mr. Plasse never informed his client about the Court's May 9 conference), it held that an award of sanctions was appropriate. *Id.*

3

In the same order, the Court concluded that Mr. Plasse violated his duties as an attorney by entering into the settlement agreement on Plaintiff's behalf without (1) calculating or informing Plaintiff of even an approximation of the disbursements incurred during Mr. Plasse's representation, which would be deducted from the settlement proceeds, or (2) conducting research into whether Plaintiff's settlement proceeds might be subject to a Medicaid or other lien, and failing to advise Plaintiff of that possibility. *Id.* at 42–45. However, the Court exercised its discretion and declined to impose sanctions for those instances of misconduct. *Id.* at 45–46.

## II. Discussion

In New York, a terminated attorney who has "rendered services for which payment has not yet been received has two forms of recourse against non-payment, other than commencement of a plenary action—one derived from the common law [generally referred to as a retaining lien], and the other created by statute [referred to as a charging lien]." *Stair v. Calhoun*, 722 F. Supp. 258, 276 (E.D.N.Y. 2010) (quoting *McDermott v. Great Am. Alliance Ins. Co.*, No. 02-cv-0607, 2006 WL 2038452, at *2 (N.D.N.Y. July 18, 2006)). Mr. Plasse contends that the Court should deny Plaintiff's motion to compel because he is entitled to both a retaining lien and a charging lien.

While only Mr. Plasse's assertion of a retaining lien bears on whether he is entitled to withhold Plaintiff's case files, the Court also considers whether Mr. Plasse is entitled to a charging lien. The Court concludes that Mr. Plasse is entitled to neither.

4

### A. Retaining Lien

"[A] retaining lien entitles an attorney to keep, as security against payment of fees, all client papers and property, including money, that come into the attorney's possession in the course of employment . . . ." *Resol. Tr. Corp. v. Elman*, 949 F.2d 624, 626 (2d Cir. 1991). "The right to a retaining lien is grounded in common law and is enforced in federal courts unless a specific federal law alters the parties' rights." *Stair*, 722 F. Supp. 2d at 276.

However, the fact that judicial recognition of a retaining lien seriously compromises the client's ability to pursue her litigation with new counsel has given courts substantial pause about recognizing such liens. Thus, "in certain actions, brought under federal statutes that contain fee-shifting provisions, federal law governs retaining liens, and such liens are rarely granted." *Cower v. Albany L. Sch. of Union Univ.*, No. 04-cv-643, 2005 WL 1606057, at *6 (S.D.N.Y. July 8, 2005) (citing *Resol. Tr. Corp.*, 949 F.2d at 627). As one district court considering a retaining lien in a case involving claims brought under the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*, explained:

> The fundamental purposes of legislation passed by Congress should not be derailed because a party can or cannot post a bond in connection with transfer of litigation files. Controversies between parties and their attorneys should not hold federal litigation hostage. Where a fee-shifting statute is involved, there is an implicit bargain between attorneys who undertake such cases and the public. The statute provides a potential source of fees to prevailing counsel; in return counsel may not obstruct the course of the litigation. In federal question cases of this type, retention of files should rarely if ever be permitted.

*Misek-Falkoff v. Int'l Bus. Machines Corp.*, 829 F. Supp. 660, 664 (S.D.N.Y. 1993).

5

That reasoning applies with equal force here. Pursuant to 42 U.S.C. § 1988, courts may award attorney's fees to the prevailing party in actions, like Plaintiff's, that are brought under 42 U.S.C. § 1983. 42 U.S.C. § 1988(b). Allowing Mr. Plasse to assert a retaining lien against Plaintiff—who has been incarcerated for roughly a decade—would necessarily "hold [his] litigation hostage," *Misek-Falkoff,* 829 F. Supp. at 664, which in turn would undermine § 1983's purpose of providing "an effective federal remedy for violations of federally protected rights . . . ." *Williams v. Marinelli*, 987 F.3d 188, 206 (2d Cir. 2021). "Accordingly, as this is a civil rights case that involves a federal statute with a fee-shifting provision, counsel's request that a retaining lien be fixed is" denied. *Cower*, 2005 WL 1606057, at \*6 (denying retaining lien where 42 U.S.C. § 1988 permitted attorney's fees for prevailing party).

Moreover, even if New York law did apply, Mr. Plasse's request for a retaining lien would meet the same fate. Under New York law, "when the attorney has been discharged by the client, if 'the discharge is with cause, the attorney has no right to compensation or a retaining lien, notwithstanding the existence of a retainer agreement.'" *Allstate Ins. Co. v. Nandi*, 285 F. Supp. 2d 309, 312 (S.D.N.Y. 2003) (quoting *Gurry v. Glaxo Wellcome, Inc.*, No. 98-cv-6243, 2000 WL 1702028, at \*1 (S.D.N.Y. 2000)). Thus, to determine whether Mr. Plasse is entitled to a retaining lien under New York law, the Court must consider whether Plaintiff terminated Mr. Plasse for cause.

"New York case law does not explicitly define 'cause' for termination, but it does establish that the term 'means that the attorney has engaged in some kind of

misconduct, has been unreasonably lax in pursuing the client's case, or has otherwise improperly handled the case.'" *Holcombe v. US Airways Grp., Inc.*, No. 08-cv-1593, 2017 WL 1184104, at *3 (E.D.N.Y. Mar. 29, 2017) (quoting *Garcia v. Teitler*, No. 04-cv-832, 2004 WL 1636982, at *5 (E.D.N.Y. July 22, 2004)). Misconduct constituting cause can include:

> 1) the attorney's failure to perform under the employment contract; (2) his lack of diligence in so performing; (3) his lack of ordinary skill or care in so performing; (4) his making of demands on the client which violate the terms or exceed the scope of the contract; (5) his taking of actions contrary to the client's interests or objectives; (6) his indulging in some sort of unprofessional conduct while handling the client's affairs; (7) his venting of personal or economic hostility toward the client; and (8) his loss of the client's trust and confidence.

*Id.* (quoting *Garcia*, 2004 WL 1636982, at *6). On the other hand, "[d]ischarge on account of personality conflicts, misunderstandings or differences of opinion having nothing to do with any impropriety by the lawyer, does not amount to discharge for cause." *DAddio v. Kerik*, No. 15-cv-5497, 2017 WL 2984018, at *2 (S.D.N.Y. June 6, 2017), *report and recommendation adopted*, No. 15-cv-5497, 2017 WL 2983024 (S.D.N.Y. July 12, 2017).

For the same reasons that the Court concluded that Mr. Plasse violated his professional obligations and imposed sanctions on Mr. Plasse, the Court holds that Mr. Plasse engaged in misconduct constituting cause.[2]  Mr. Plasse's

---

[2] The Court recognizes that "[w]here the facts are disputed, an evidentiary hearing should generally be held to determine whether an attorney was discharged for cause." *Schreiber v. Friedman*, No. 15-cv-6861, 2022 WL 669461, at *7 (E.D.N.Y. Mar. 7, 2022). But given the posture of this case, the Court determines that no such evidentiary hearing is required. In connection with the motion to vacate the

misrepresentations in his May 3 and May 5 Letters, which were made in support of his efforts to adjourn the Court's May 9 conference, together with his failure to inform Plaintiff about that conference, were "contrary to [Plaintiff's] interests or objectives," amounted to "unprofessional conduct while handling the client's affairs," and appeared to result in the "loss of [Plaintiff's] trust and confidence" in Mr. Plasse. *Holcombe*, 2017 WL 1184104, at \*4. Additionally, Mr. Plasse's failure to inform Plaintiff about the core terms of the settlement agreement and their potential implications for his ultimate recovery, some of which Mr. Plasse himself admitted was information that Plaintiff was "entitled to know," Sanctions Order at 43, further demonstrates that Mr. Plasse acted against his client's interests and in violation of his client's trust.

Mr. Plasse contends that he was not discharged for cause because, among other arguments, his client "discharged [him] at the beginning of the May 31, 2023 hearing," prior to the Court's findings of Mr. Plasse's gross negligence. Response to Mot. to Compel at 4. But the Court agrees with Plaintiff that when he terminated Mr. Plasse as his counsel, he was well aware of Mr. Plasse's misconduct; "prior to the May 19, 2023 proceeding, the Court had sent Plaintiff a transcript of the May 9, 2023 hearing, which Plaintiff has reviewed," and "[a]t both the May 9 and May 19, 2023 Proceedings, Mr. Plasse provided answers to the Court's questions demonstrating his

---

stipulation of settlement, the Court held two hearings to ascertain the circumstances surrounding the May 3 and May 5 Letters and the other allegations of misconduct that emerged during those proceedings. In addition, Mr. Plasse filed a written response to the Court's Order to Show Cause, and was given the opportunity to have an in-person hearing on the issue of potential sanctions, but waived that hearing.

8

various deficiencies in the case . . . ." Mot. to Compel at 4. Accordingly, the Court concludes that Plaintiff terminated Mr. Plasse for cause, and Mr. Plasse is not entitled to a retaining lien.

**B. Charging Lien**

"A charging lien is an equitable interest in a client's cause of action." *Villar v. City of New York*, 546 F. Supp. 3d 280, 289 (S.D.N.Y. 2021). The right to a charging lien is codified at New York Judiciary Law § 475, which provides in relevant part:

> From the commencement of an action, . . . the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y. Judiciary L. § 475.[3]

Because a charging lien "attach[es] to any 'verdict, report, determination, decision, judgment or final order' rendered in plaintiffs' favor,'" *Stair*, 722 F. Supp. 2d at 268, whether Mr. Plasse is entitled to such a lien does not bear on Plaintiff's

---

[3] "Although the Second Circuit has held that federal law, rather than state law, applies to the issue of an attorney's common law *retaining* lien over a client's papers and property, and has also refused to recognize and enforce an attorney's *retaining* lien where the action is prosecuted pursuant to a federal statute allowing for a fee shifting provision," the Court is not aware of any "similar federal case law regarding an attorney's *charging* lien for which enforcement is requested of a district court pursuant to § 475." *Diamond D Const. Corp. v. New York State Dep't of Lab.*, No. 00-cv-335C, 2004 WL 1877720, at *10 (W.D.N.Y. Aug. 20, 2004).

motion to compel. Nevertheless, the Court construes Mr. Plasse's response as a motion for a charging lien and addresses it herein.

Like a retaining lien, "a discharged attorney may not assert a charging . . . lien against a client if the client discharged the attorney 'for cause.'" *Love and Madness, Inc. v. Claire's Holdings, LLC*, No. 21-cv-1913, 2021 WL 4554058, at *4 (S.D.N.Y. Oct. 4, 2021). For the reasons describes *supra* at II.B, Plaintiff terminated Mr. Plasse for cause. Therefore, the Court holds that Mr. Plasse is not entitled to a charging lien.[4]

### III.  Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion to compel. Mr. Plasse is directed to promptly transfer Plaintiff's case file (including not only the physical file, but also all electronic records Mr. Plasse has retained in connection with the case, such as emails and PDF documents) to Plaintiff's present counsel.

SO ORDERED.

*/s/ NRM*
NINA R. MORRISON
United States District Judge

Dated: May 6, 2024
    Brooklyn, New York

---

[4] In concluding that Mr. Plasse is not entitled to a lien, the Court does not decide whether Mr. Plasse may seek to recover his out-of-pocket disbursements incurred in connection with this case through other avenues and takes no position on whether such avenues may or may not be available to him.